Adele HANCOCK, Plaintiff–Appellant,

v.

CLARK COUNTY, Defendant–Appellee.

No. 06–17077.

United States Court of Appeals, Ninth Circuit.

Submitted June 13, 2008.*

Filed July 11, 2008.

Kirk T. Kennedy, Esq., Las Vegas, NV, for Plaintiff–Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Walter R. Cannon, Esq., Thomas D. Dillard, Jr., Esq., Rawlings Olson Cannon Gormley & Desruisseaux, Las Vegas, NV, Lilli C. Hitt, Esq., Office of the Attorney General, Carson City, NV, for Defendant–Appellee.

Before: WALLACE and GRABER, Circuit Judges, and SCHIAVELLI,** District Judge.

## MEMORANDUM ***

Plaintiff Adele Hancock brought this action against Defendant Clark County, a Nevada political subdivision and Plaintiff's former employer, alleging a number of claims. The district court granted summary judgment to Defendant on all claims. We affirm.

1. Plaintiff's Title VII claims of failure to promote her on account of her sex are timely only with respect to events that occurred on or after June 14, 2002. 42 U.S.C. § 2000e–5(e)(1); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114–15, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) (stating that "[d]iscrete acts such as . . . failure to promote" are not actionable if an EEOC charge is not filed within the statutory time period). As to the August 2002 position of Supervising Building Inspector, although Plaintiff established a prima facie case, Defendant demonstrated that the candidate whom it selected possessed superior qualifications, including greater seniority, more certifications, and experience as an acting Supervising Building Inspector. No evidence in the record

suggests pretext. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) (establishing burden-shifting analysis). With respect to the remaining failure-to-promote claims, Plaintiff failed to exhaust her administrative remedies and, even if she had, failed to establish a prima facie case. *See Dominguez–Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir.2005) (listing elements of a prima facie case of failure to promote).

2. Plaintiff failed to satisfy the charge-filing requirements of 42 U.S.C. § 2000e–5(e)(1) with respect to her hostile-work-environment claim. Therefore, she may not bring that claim to court. *Ledbetter v. Goodyear Tire & Rubber Co.*, —— U.S. ——, 127 S.Ct. 2162, 2166–67, 167 L.Ed.2d 982 (2007).

3. As to the claim of retaliation, the record discloses no genuine issue of material fact linking protected activity concerning allegedly unwanted advances from Roger Mollet, a co-worker in the Clark County Building Department, to the allegedly retaliatory conduct. *See Manatt v. Bank of Am., N.A.*, 339 F.3d 792, 800 (9th Cir.2003) (listing elements of a prima facie case of retaliation). And, on the facts here, no inference of causation is warranted. *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1035 (9th Cir.2006) (refusing to draw an inference of causation from an eight-month lapse). Plaintiff did not assert below the claim she now raises concerning alleged retaliation for filing charges with the EEOC and the Clark County Office of Diversity. Therefore, that argument is forfeited. *A–1 Ambulance Serv., Inc. v. County of Monterey*, 90 F.3d 333, 338 (9th Cir.1996).

---

** The Honorable George P. Schiavelli, United States District Court for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

4. With respect to her § 1983 claims, the record contains no evidence of a policy or custom of Defendant that constitutes deliberate indifference to her constitutional or statutory rights. *Levine v. City of Alameda*, 525 F.3d 903, 907 (9th Cir.2008).

5. Plaintiff does not challenge the dismissal of her Nevada state-law discrimination claim. Therefore, it is waived. *Sophanthavong v. Palmateer*, 378 F.3d 859, 872 (9th Cir.2004).

6. The remaining state-law claims fail because Plaintiff cites no supporting evidence. *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir.2001).

AFFIRMED.